STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-050

BICKMORE CONCRETE
CONTRACTOR, LLC,

        Plaintiff

v.

        JUDGMENT

GREAT FALLS CONSTRUCTION,
INC.,

        Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

APR 1 1 2018  9:55 AM
RECEIVED

Jury-waived trial on defendant Great Falls Construction, Inc.'s counterclaim against Bickmore Concrete Contractor, LLC was held on March 21, 2018. Plaintiff did not appear. Defendant appeared with counsel. For the following reasons, judgment is entered in favor of Great Falls Construction, Inc. and against Bickmore Concrete Contractor, LLC on count I of the counterclaim in the amount of $188,565.41, plus interest and costs.

## Background

On January 27, 2017, plaintiff filed its complaint and had previously filed a mechanic's lien. Plaintiff alleged against Great Falls in count I, breach of contract; in count II, quantum meruit; in count IV, enforcement of mechanic's lien; and in count VI, violation of Maine's prompt payment statute. On February 3, 2017, defendant Great Falls filed a motion to dismiss counts IV and V[1], enforcement of mechanic's liens. On February 16, 2017, defendant Great Falls filed an answer and counterclaim against plaintiff Bickmore. In its counterclaim, Great Falls alleged in count I, breach of contract, and in count II, abuse of process. 10 M.R.S. § 1212; 10 M.R.S. § 3251 et seq. Great Falls withdrew count II at trial.

---

[1] Plaintiff pleaded count V, enforcement of mechanic's lien, against defendant City of South Portland.

**Plaintiff-Pro Se
Defendant-Robert Ruesch, Esq.**

On February 27, 2017, defendant City of South Portland filed an answer. On April 27, 2017, the court approved the parties' stipulation that the payment bond would be substituted for the mechanic's lien asserted by plaintiff and that plaintiff's claims against defendant City of South Portland would be dismissed.

On July 13, 2017, plaintiff's attorney's motion to withdraw was granted. On November 14, 2017, plaintiff's complaint was dismissed with prejudice due to plaintiff's failure to comply with the court's order dated July 13, 2017 and to respond to defense counsel's inquiries.

## Facts

Todd Desmaris is employed by defendant Great Falls Construction, Inc. Great Falls is in the business of general construction and is located in Gorham, Maine. Through its contract with the City of South Portland, Great Falls was the general contractor for the construction of the public works facility on Island Avenue in South Portland, which is the subject of this lawsuit. Mr. Desmaris was the project manager for the project and was in charge of the entire project.

The twelve-million-dollar project involved construction of four buildings. (Def.'s Ex. 4.) For concrete work, Great Falls received four bids from subcontractors based on the contract documents. Great Falls selected Bickmore Concrete Contractor LLC located in Newport, Maine as subcontractor for that work. (Def.'s Ex. 2.) The subcontract was signed by Mr. Desmaris and Mathias Bickmore, the owner of Bickmore Concrete. (Def.'s Ex. 1 5.) The work included, among other things, labor, equipment, formwork, and rebar placement. Bickmore's overall price for the concrete work was $195,077.00.

The time frame to complete the entire project was fourteen months. The time frame for completion of the concrete work was 75 days, from July 25, 2016 to November 4, 2016. (Def.'s Ex. 3.) This schedule was designed to avoid winter concrete work, which must be performed

2

according to the American Concrete Institute's specifications. According to Mr. Desmaris, it is economically "staggeringly different to pour concrete in the winter."

Great Falls and Bickmore met and discussed the terms of the subcontract, including the schedule. Bickmore arrived five or six days after the start date and two or three hours after the work began at the site. Bickmore brought with it insufficient equipment that was not in good condition. Bickmore was grossly understaffed and the staff was inexperienced. Bickmore had no idea what to do or how to do the work. Great Falls demonstrated the correct methods but Bickmore disputed that guidance and believed its methods were correct.

The quality of Bickmore's work was described by Mr. Desmaris as "horrendous." Bickmore was unable to keep sand out of the concrete forms, the rebar was loose, no rebar caps were used, the form work overlapped, and the bars were not level and were not tied to remain in the same position. (Def.'s Ex. 10 1-3.) The City and engineers from Sebago Technics, the project engineer, were not pleased with Bickmore's work. Sebago Technics wanted Bickmore replaced. Instead, Great Falls tried to work with Bickmore, supplemented its crew, and had others do part of Bickmore's work. Because the contract was in place, Great Falls hoped it could salvage the relationship because it was very difficult to find replacement subcontractors who would not take advantage of the circumstances.

Based on difficulties with the rebar and forms and lack of staff and equipment, Mr. Desmaris cancelled the concrete pour on the sand and salt building. Three days were required to jackhammer the concrete. (Def.'s Ex. 10 4-5.) The wood form was plumb but the concrete was not. (Def.'s Ex. 10 7.) Brackets were added to keep the rebar in place. (Def.'s Ex. 10 6.) The surface was uneven and inconsistent and had to be ground, which took a significant amount of time. (Def.'s Ex. 10 8.) The opening was not located in the correct position and was not finished.

3

(Def.s' Ex. 10 12.) Cold joints and cracking were evident in the poured concrete. (Def.'s Ex. 10 9-11, 13-14.)

In the cold storage building, the anchor bolts and hoops for the fabric were placed in incorrect locations throughout the entire building and had to be cut and replaced. (Def.'s Ex. 10 17-20.) In order for the City to accept the work, Great Falls filled the holes, ground the surface, and applied stain so the buildings matched. (Def.'s Ex. 10 20-21.)

Mr. Desmaris discussed a formal warning about performance deficiencies and delays in the schedule with Mr. Bickmore. (Def.'s Ex. 5.) Mr. Bickmore signed the warning letter dated August 15, 2016. On August 16, 2016, Mr. Bickmore apologized in writing for the performance of his company. (Def.'s Ex. 6.) Because Bickmore had no plan to perform the work competently, however, Mr. Desmaris developed a plan and hired another subcontractor to help. That subcontractor was paid from the Bickmore contract. (Def.'s Ex. 7.)

After every effort was made to correct the situation, Great Falls terminated Bickmore. (Def.'s Ex. 8.) The termination decision was made by the superintendent, owner, and project manager from Great Falls, the project engineer, and the City. The Bickmore employees were unhappy because they and the suppliers were not being paid.

Mr. Desmaris prepared a summary of the Bickmore performance on the project in anticipation of a meeting with attorneys and Mr. Bickmore. (Def.'s Ex. 9.) Nothing was accomplished at the meeting.

As of September 2016, when Bickmore left the site, 80% of the concrete work remained to be performed. Great Falls hired three subcontractors at higher rates to finish the concrete work. Increased costs were incurred through working long days and on weekends. Great Falls kept track of all materials, labor, and supporting invoices required to do or redo Bickmore's work pursuant

4

to the subcontract. (Def.'s Exs. 11, 11A.) Additional costs were incurred for performing concrete work during winter conditions. (Def.'s Ex. 11 2.) Bickmore owes to Great Falls $188,565.41, based on the Bickmore subcontract amount, the amount paid to Bickmore, the subcontract balance amount, and the amounts paid by Great Falls to remedy and complete Bickmore's work. (Def.'s Ex. 11 2.)

Great Falls could not postpone the work until spring because the project had to proceed on schedule. Penalties would have accrued if the project was delayed. The project was ultimately completed on time and on budget and is currently being used.

## Conclusions

Great Falls has proved that it entered a contract with Bickmore, that Bickmore breached material contract terms, and the breach caused damages to Great Falls. See Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 21, 724 A.2d 1248. "A material breach of contract permits the other party to treat the transaction as being at an end." Advanced Constr. Corp. v. Pilecki, 2006 ME 84, ¶ 7, 901 A.2d 189.

"The measure of recovery for defective or incomplete performance of a construction contract is the difference in value between the value of the performance contracted for and the value of the performance actually received. This recovery may include the cost to complete the [project] or repair the defects." Treadwell v. J.D. Constr. Co., 2007 ME 150, ¶ 26, 938 A.2d 794. Based on the Bickmore subcontract amount, the amount paid to Bickmore, the subcontract balance amount, and the amounts paid by Great Falls to remedy and complete Bickmore's work, Great Falls sustained damages caused by Bickmore's breach of the parties' contract in the amount of $188,565.41.

The entry is

> Judgment is entered in favor of Defendant Great Falls Construction, Inc. and against Plaintiff Bickmore Concrete Contractor, LLC on Great Falls Construction, Inc.'s Counterclaim in the amount of $188,565.41, plus prejudgment interest at the rate of 3.87%, post-judgment interest at the rate of 7.76%, plus costs.

Date:  April 10, 2018

Nancy Mills
Justice, Superior Court

6